STEVEN H. GURNEE, ESQ. SB# 66056
DAVID M. DANIELS, ESQ. SB# 170315
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, CA 95661-3805
Telephone (916) 797-3100
Facsimile (916) 797-3131

Attorneys for Defendants
ALDERWOODS GROUP, INC.,
SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY PURCHASING
COOPERATIVE, INC., SCI EASTERN MARKET
SUPPORT CENTER, L.P., SCI WESTERN MARKET
SUPPORT CENTER, L.P., and SCI HOUSTON
MARKET SUPPORT CENTER, L.P.

FILED

FEB 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EDL*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, DEBORAH PRISE, HEATHER P. RADY, et al., on behalf of themselves and all other employees and former employees similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALDERWOODS GROUP, INC., PAUL A. HOUSTON, SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., SCI WESTERN MARKET SUPPORT CENTER, L.P., a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC., and SCI HOUSTON MARKET SUPPORT CENTER, L.P.<br><br>Defendants. | No. 08 1184<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT [28 U.S.C. §§ 1332, 1441 (B) AND 1446]** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT ALDERWOODS GROUP, INC. ("Alderwoods"),

1

"BY FAX"

SERVICE CORPORATION INTERNATIONAL ("SCI"), SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC. ("SCI Coop"), SCI EASTERN MARKET SUPPPORT CENTER, L.P. ("SCI Eastern"), SCI WESTERN MARKET SUPPORT CENTER, L.P., ("SCI Western"), and SCI HOUSTON MARKET SUPPORT CENTER, L.P. ("SCI Houston") (collectively "Defendants"), Defendants in the above-titled action hereby, jointly and severally, remove this matter to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.[1] The grounds for removal are as follows:

## Compliance with Statutory Requirements

1.    On or about December 5, 2007, Plaintiffs filed a Class Action Complaint in the Superior Court of the State of California for the County of Alameda, Case No. RG07359602 ("Complaint"). Before the complaint was served, however, Plaintiffs filed an Amended Complaint on January 25, 2008. In their Amended Complaint, Plaintiffs assert claims for violation of California Labor Laws, violation of State Wage and Hour Laws (under the laws of 27 other states and territories), Unjust Enrichment (under the laws of 39 states and territories), Conversion (under the laws of 39 states and territories), Fraud and Deceit (under the laws of 39 states and territories), Misrepresentation (under the laws of 39 states and territories), Breach of Contract (under the laws of 39 states and territories), Breach of the Implied Covenant of Good Faith and Fair Dealing (under the laws of 39 states and territories), Quantum Meruit (under the laws of 39 states and territories), and Unfair Business Practices (California Business and Professional Code § 17200 et seq.).

2.    Plaintiffs served Defendants with the Summons ("Summons") and a copy of the Amended Complaint on or after January 28, 2008. Defendants' removal of this action

---

[1]    Defendant Paul A. Houston has not been an employee of Alderwoods Group, Inc. since November of 2006 when it was acquired by Service Corporation International. To defendants' knowledge, Mr. Houston has never been properly served in this case.

**2**

---

**Defendants' Notice of Removal of Civil Action From State Court**
**[28 U.S.C. §§ 1332, 1441 (B) and 1446]**

is timely because Defendants are removing this matter within 30 days of being formally served with a Summons and a copy of the Amended Complaint. (*See* 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).) As required by 28 U.S.C. §1446(a), a true and correct copy of the Summons and Amended Complaint are attached as Exhibit "A" to this Notice of Removal.

3.     Attached as Exhibit "B" to this Notice of Removal are true and correct copies of the original Complaint, civil case cover sheet, ADR information package, notice of hearing for a complex determination and case management conference, minutes, orders, and any other papers that Defendants are presently aware of that exists in the state court file.

4.     Pursuant to 28 U.S.C. §1446(d), Defendants promptly will provide written notice of removal of the action to Plaintiffs, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda.

5.     By removing this case, Defendants do not waive and are not estopped from raising any defenses that were available to it in state court. Specifically, Defendants do not waive any objection based on lack of service or personal jurisdiction by this notice.

### Intradistrict Assignment

6.     Plaintiffs filed this case in the Superior Court of California, County of Alameda; therefore, this case properly may be removed to the Oakland or San Francisco Divisions of the Northern District of California. *See* 28 U.S.C. §1441(a); Civ. L. R. 3-2 (c), (d), 3-5(b).

### Jurisdiction

7.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).     Under Section 1332(d), federal courts have original diversity

3

1  jurisdiction over a class action whenever: (1) "any member of a [putative] class of

2  plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. §1332(d)(2)(A),

3  and (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

4  interest and costs," 28 U.S.C. §1332(d)(2). Both requirements are satisfied in this case.

5        8.    In this matter, diversity of citizenship exists because the Defendants and at

6  least one proposed class member are citizens of different states. *See* 28 U.S.C.

7  § 1332(c)(1). SCI is a corporation incorporated under the laws of the State of Texas and

8  has its principal place of business in that State. (Declaration of Janet Key ("Key Dec."),

9  attached as Exhibit C, ¶¶ 2 and 4.) Plaintiff William Helm was and is citizen of California

10  allegedly employed in Alameda County at the time Plaintiffs filed this action. (Key Dec.

11  Ex. C, ¶ 7; Amended Complaint Ex. A, ¶¶ 20, 21.)

12        9.    Further, though Defendants concede neither liability on Plaintiffs' claims nor

13  the propriety or breadth of the class as alleged by Plaintiffs, the Complaint places in

14  controversy a sum greater than $5,000,000. (*See* 28 U.S.C. §1332(d)(2).) Plaintiffs

15  claim Defendants had a policy and practice of willfully not compensating them for all of

16  their regular hours worked and overtime hours worked in excess of 8 hours a day and 40

17  hours a week. (Amended Complaint Ex. A, ¶¶ 12, 59, 62, 72, and 77.) The Amended

18  Complaint does not allege a specific dollar amount in damages, but Plaintiffs seek unpaid

19  wages, liquidated damages, compensatory damages, consequential damages, punitive

20  damages and attorneys' fees on behalf of themselves and each of the purported class

21  members. (Amended Complaint Ex. A, Prayer 22:17- to 22:22.) In addition, the

22  Amended Complaint does not represent that the class will neither seek nor accept more

23  than $5 million in the aggregate.

24

25       10.   Plaintiffs' claims in this case establish an amount in controversy that

26  exceeds $5,000,000. According to the First Amended Complaint, the purported plaintiff

27  class "include[s] employees who worked at all Alderwoods funeral locations prior to the

28

4

**Defendants' Notice of Removal of Civil Action From State Court**
**[28 U.S.C. §§ 1332, 1441 (B) and 1446]**
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 4 of 68

1 | time that SCI or its affiliates assumed activities related to plaintiff's employment."
2 | (Amended Complaint Ex. A, ¶ 13.)  Specifically, during the three years preceding
3 | November of 2006, when Alderwoods Group, Inc. became affiliated with SCI, Defendant
4 | Alderwoods employed more than 16,0000 non-exempt employees in the United States.
5 | (Key Dec. Ex. C, ¶ 6; *see also* Amended Complaint ¶ 60 alleging that "[t]he class size is
6 | believed to be several thousands of employees."  Assuming an average hourly wage of
7 | $16.00 – by comparison, Plaintiffs David Helm's, Deborah Prise's and Heather Rady's
8 | most recent non-exempt wages were $10.45, $24.04 and $17.00, respectively (Key Dec.
9 | Ex. C, ¶ 8) – these individuals would need to average only 13 hours of overtime during
10 | the relevant statutory periods to meet the minimum amount in controversy.

11. Moreover, the amount in controversy in this matter is substantially higher than $5,000,000 in that the calculations set forth hereinabove in Paragraph 10 do not include potential damages related to Plaintiffs' claims for penalties and other types of damages under the laws of 39 states and territories or any of the other claims set forth in the Complaint.  (Amended Complaint Ex. A, ¶¶ 92, 98, 104, 111, 120, 128, 134 and 138.)

12. In asserting the basis for diversity jurisdiction, Defendants do not concede any of the allegations in the Complaint, including that Plaintiffs are entitled to overtime pay or that Plaintiffs ever worked more than forty hours per workweek or more than eight hours per day.  Nor do the Defendants concede that any or all non-exempt employees are class members or that any class could be certified.

////

////

////

////

////

5

**Defendants' Notice of Removal of Civil Action From State Court**
**[28 U.S.C. §§ 1332, 1441 (B) and 1446]**
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 5 of 68

1        13.    WHEREFORE, the above-entitled action is hereby removed to this Court

2  from the Superior Court of the State of California, County of Alameda.

3

4  Dated: *Feb 27*, _____, 2008.        GURNEE & DANIELS LLP

5

6                           By _____

7                             STEVEN H. GURNEE, ESQ.
                             DAVID M. DANIELS, ESQ.

8                             Attorneys for Defendants
                             ALDERWOODS GROUP, INC., ,
                             SERVICE CORPORATION

9                             INTERNATIONAL, SCI FUNERAL AND
                             CEMETERY PURCHASING

10                           COOPERATIVE, INC., SIC EASTERN
                           MARKET SUPPORT CETNER, L.P.,

11                           SCI WESTERN MARKET SUPPORT
                           CENTER, L.P., and SCI HOUSTON

12                           MARKET SUPPORT CENTER, L.P.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**Defendants' Notice of Removal of Civil Action From State Court**
**[28 U.S.C. §§ 1332, 1441 (B) and 1446]**
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 6 of 68

**EXHIBIT A**

*6187134*

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
ALAMEDA COUNTY

JAN 5 2009

CLERK OF THE SUPERIOR COURT
By _____ Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Alderwoods Group, Inc., Paul A. Houston, Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
William Helm, Deborah Prise, Heather P. Rady [see Amended Complaint and Appendices for a list of plaintiffs] et. al., on behalf of themselves and all other employees similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso): |
| Superior Court of California, County of Alameda | RG073590 |
| 1225 Fallon Street | |
| Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Sanford Jay Rosen, Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor, San Francisco, CA 94104

DATE: JAN 2 5 2008                    Clerk, by _____ , Deputy
(Fecha)                                (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

   ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416...
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 41...
          ☐ CCP 416.40 (association or partnership) ☐ CCP 4...
          ☐ other (specify):
3. ☐ by personal delivery on (date):

[SEAL]

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Helm v. Alderwoods Group, Inc. | RG07359602 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SCI Eastern Market Support Center, L.P., SCI Western Market Support Center, L.P. a/k/a SCI Western Support Center, Inc., and SCI Houston Market Support Center, L.P.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1  Sanford Jay Rosen, State Bar No. 62566
   Maria V. Morris, State Bar No. 223903
2  Lori E. Rifkin, State Bar No. 244081
   ROSEN, BIEN & GALVAN, LLP
3  315 Montgomery Street, Tenth Floor
   San Francisco, CA 94104
4  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
5  srosen@rbg-law.com

6  [Additional Counsel Listed on Following Page]

7
   Attorneys for Plaintiffs
8
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                        COUNTY OF ALAMEDA
10
   WILLIAM HELM, DEBORAH PRISE,        )  Case No. RG 07359602
11 HEATHER P. RADY, [see Complaint and )
   Appendices for a listing of plaintiffs] et al., on )  **CLASS ACTION**
12 behalf of themselves and all other employees )
   and former employees similarly situated, )  **AMENDED COMPLAINT**
13                                       )
                        Plaintiffs,      )  **(1)  VIOLATION OF CALIFORNIA
14                                       )        LABOR LAWS**
   v.                                    )  **(2)  STATE WAGE AND HOUR
15                                       )        LAWS**
   ALDERWOODS GROUP, INC., PAUL A. )     **(3)  UNJUST ENRICHMENT/
16 HOUSTON,  SERVICE  CORPORATION, )          RESTITUTION**
   INTERNATIONAL, SCI FUNERAL AND )      **(4)  CONVERSION**
17 CEMETERY           PURCHASING )       **(5)  FRAUD AND DECEIT**
   COOPERATIVE,   INC.,   SCI  EASTERN ) **(6)  MISREPRESENTATION**
18 MARKET  SUPPORT  CENTER, L.P., SCI ) **(7)  BREACH OF CONTRACT**
   WESTERN MARKET SUPPORT CENTER, )     **(8)  BREACH OF IMPLIED
19 L.P.   a/k/a   SCI   WESTERN   MARKET )       COVENANT OF GOOD FAITH**
   SUPPORT    CENTER,    INC.,    and    SCI )    **AND FAIR DEALING**
20 HOUSTON MARKET SUPPORT CENTER, )     **(9)  QUANTUM MERUIT**
   L.P.,                                 )  **(10) UNLAWFUL BUSINESS
21                                       )        PRACTICES**
                        Defendants.      )
22                                       )
                                         )  **DEMAND FOR JURY TRIAL**
23 ————————————————————)

24

25

26

27

28

1    Additional Attorneys for Plaintiffs, who will
     submit applications for admission *pro hac vice*:
2
     J. Nelson Thomas, NY Attorney No. 2579159
3    Patrick J. Solomon, NY Attorney No. 2716660
     Michael J. Lingle, NY Attorney No. 3925765
4    Justin Cordello, NY Attorney No. 4131447
     Annette Gifford, NY Attorney No. 4105870
5    DOLIN, THOMAS & SOLOMON LLP
     693 East Avenue
6    Rochester, NY 14607
     Telephone: (585) 272-0540
7    Facsimile: (585) 272-0574
     nthomas@theemploymentattorneys.com
8
     Charles H. Saul, PA State Bar No.19938
9    Liberty J. Weyandt, PA State Bar No. 87654
     Kyle T. McGee, PA State Bar No. 205661
10   MARGOLIS EDELSTEIN
     525 William Penn Place
11   Suite 3300
     Pittsburgh, PA 15219
12   Telephone: (412) 281-4256
     Facsimile: (412) 642-2380
13   csaul@margolisedelstein.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 11 of 68
AMENDED COMPLAINT-CLASS ACTION
Helm et al v. Alderwoods et al - Case No. RG07359602

# CLASS ACTION COMPLAINT

**AND NOW** come plaintiffs, on behalf of themselves and all others similarly situated, by and through their attorneys, Rosen, Bien & Galvan, LLP, Dolin, Thomas & Solomon LLP and Margolis Edelstein, and file the following Class Action Complaint:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

1.    This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiffs individually, as well as all other employees similarly situated, under the laws of California and other laws of the various States in which defendants do business.

2.    On December 12, 2006, Alderwoods Group, Inc. ("Alderwoods") and Service Corporation International ("SCI"), both named defendants in this action, were named in a complaint filed in the Western District of Pennsylvania.

3.    Prior to the filing of the Pennsylvania complaint, SCI had acquired Alderwoods and Alderwoods had become SCI's wholly-owned subsidiary. After the merger, SCI continued to operate the vast majority of both its own funeral homes and those of Alderwoods.

4.    The Pennsylvania complaint was filed as a class and collective action alleging, *inter alia*, that employees who worked at defendants' funeral home locations were not properly paid for all the time they worked for defendants. It asserted violations of both the Fair Labor Standards Act ("FLSA") and state wage and hour laws.

5.    The employees (whether they worked only at an Alderwoods location that became an SCI location, or at any other SCI location) shared a number of factual similarities: they suffered similar pay violations; SCI and/or its agents were their joint employers; SCI was liable for the violations of the entities it had acquired.

6.    Because of the overlapping legal liability of defendants, as well as the overlapping factual issues in the matter, plaintiffs believed it was legally appropriate and in the interests of judicial efficiency for defendants to be named in a common action.

7.    The Court in the Western District of Pennsylvania conditionally certified an FLSA class of employees and directed that notice be sent to those individuals who worked at

-1-

AMENDED COMPLAINT CLASS ACTION
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 12 of 68
*Helm et al v. Alderwoods et al* - Case No. RG 07359602



1 | an Alderwoods location.

2 | 8. In response to that notice, hundreds of current and former employees opted-in to
3 | the Pennsylvania action.

4 | 9. On or about June 8, 2007, the Court in the Western District of Pennsylvania
5 | declined to exercise supplemental jurisdiction over any of the state law claims alleged in that
6 | action. Therefore, on or about July 9, 2007, the employees of SCI and Alderwoods reasserted
7 | their state law claims in a Class Action Complaint filed in the Superior Court of the State of
8 | California for the County of Alameda, Case No. RG 07334643 (the "Combined State Law
9 | Action").

10 | 10. Subsequently, the Court in the Western District of Pennsylvania determined it
11 | would only hear claims on behalf of employees who worked only for Alderwoods, and that
12 | claims of employees who had worked only at other SCI locations should be heard in a separate
13 | action.

14 | 11. Therefore, based on defendants' position that resulted in that ruling, the
15 | Combined State Law Action was voluntarily dismissed so that the state law claims of the
16 | employees who worked at locations managed by Alderwoods could be heard separately from
17 | those who worked at other SCI locations.

18 | 12. In the instant action, employees who worked at funeral locations managed by
19 | Alderwoods assert violations of various state laws based upon defendants' failure to pay
20 | employees their regular or statutorily required rate of pay for all hours worked.

21 | 13. The plaintiffs in this lawsuit include employees who worked at all Alderwoods
22 | funeral locations prior to the time that SCI or its affiliates assumed activities related to
23 | plaintiffs' employment. SCI and its affiliates are named in this action on the basis of their
24 | liability as successors-in-interest to Alderwoods.

25 | 14. To the extent that plaintiffs suffered the violations alleged in this action *after* SCI
26 | or its affiliates began assuming activities related to plaintiffs' employment, those claims have
27 | been separately asserted in the action *Bryant, et al. v. Service Corporation International, et. al*,
28 | Case No. RG07359593.

-2-
AMENDED COMPLAINT-CLASS ACTION
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 13 of 68
*Helm et al v. Alderwoods et al - Case No. RG07359602*



## II.  JURISDICTION AND VENUE

15.  This Court has jurisdiction over defendants because defendants conduct business in this State.

16.  Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395.5 and Corporations Code § 2105.

17.  Upon information and belief, defendant Alderwoods Group, Inc. ("Alderwoods") is a foreign corporation which has not obtained a certificate of qualification to do business in California.

18.  Upon information and belief, defendant Service Corporation International ("SCI") is a foreign corporation which has not obtained a certificate of qualification to do business in California.

19.  Upon information and belief, defendant SCI Funeral and Cemetery Purchasing Cooperative, Inc. is a foreign corporation which has not obtained a certificate of qualification to do business in California.

20.  Venue is also proper in this judicial district because defendants maintain and operate one or more business locations, transact business, and/or have agents in Alameda County, as well as in other counties in the State of California, and are otherwise within this Court's jurisdiction for purposes of service of process.  Obligations and/or liabilities of the defendants arose in this County because defendants have contracted to employ or have employed plaintiffs in Alameda County, as well as in other counties in the State of California. Some of the claims in this matter arose from contracts for employment which were to be performed, at least in part, in Alameda County, as well as in other counties in the State of California.  Some of the unlawful acts alleged herein occurred in Alameda County, as well as in other counties in the State of California, and have a direct effect on plaintiffs within Alameda County and within the State of California.

III. **PARTIES**

                **A. Plaintiffs**

      21.    The class members ("Class Members") are those employees and former employees of defendants who were suffered or permitted to work by defendants and not paid their regular or statutorily required rate of pay for all hours worked. As more fully set forth in the foregoing paragraphs, which Class Members incorporate by reference as if fully set forth herein, Class Members' claims are connected to Alameda County as some of those claims arose from contracts to be performed in Alameda County, some of the unlawful acts alleged herein occurred in Alameda County, and some of those acts have a direct effect on Class Members within Alameda County.

                **B. Defendants**

      22.    Defendants Alderwoods, SCI, SCI Funeral and Cemetery Purchasing Cooperative, Inc. (the "SCI Cooperative"), SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc. ("SCI Western"), SCI Eastern Market Support Center, L.P. ("SCI Eastern"), and SCI Houston Market Support Center, L.P. ("SCI Houston"), are enterprises engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

      23.    The SCI Cooperative, SCI Western, SCI Eastern and SCI Houston are all entities which are owned, directly or indirectly, by SCI. Together with SCI, those entities are referred to collectively as the "SCI Defendants."

      24.    At all relevant times, Alderwoods was plaintiffs' employer and is thus liable to plaintiffs as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

*Paul A. Houston is Liable to Class Members*

      25.    Defendant Paul A. Houston has acted as Chief Executive Officer and Director of Alderwoods since in or around 2002.

      26.    Upon information and belief, in concert with others, Mr. Houston has the authority to, and does, make decisions that concern the policies defendants adopt and the

1    implementation of those policies.

2         27.    Upon information and belief, in concert with others, Mr. Houston has the

3    authority to, and does, make decisions that concern defendants' operations, including functions

4    related to employment, human resources, training, payroll, and benefits.

5         28.    Upon information and belief, due in part to his role as Chief Executive Officer

6    and Director, Mr. Houston is actively involved in the creation of the illegal policies

7    complained of in this case, including, but not limited to, the On Call Pay Policy, Community

8    Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy, Meal Break

9    Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time Policy, and

10   the policy regarding the calculation of Class Members' overtime.

11        29.    Upon information and belief, due in part to his role as Chief Executive Officer

12   and Director, Mr. Houston actively advises defendants' agents on the enforcement of the

13   illegal policies complained of in this case, including, but not limited to, the On Call Pay Policy,

14   Community Work Policy, Training Compensation Policy, Pre-Needs Appointment Policy,

15   Meal Break Deduction Policy, Pre-Approval for Overtime Pay Policy, Unrecorded Work Time

16   Policy, and the policy regarding the calculation of Class Members' overtime.

17        30.    Upon information and belief, due in part to his role as President and Chief

18   Executive Officer, Mr. Houston actively ensures defendants' compliance or non-compliance

19   with the state and common laws asserted in this action.

20        31.    Upon information and belief, in concert with others, Mr. Houston has the

21   authority to, and does, make decisions that concern the reviewing and counseling of defendants

22   regarding employment decisions, including hiring and firing of Class Members.

23        32.    Upon information and belief, in concert with others, Mr. Houston has the

24   authority to, and does, make decisions that concern employees' schedules, hours and standard

25   benefit levels.

26        33.    Upon information and belief, in concert with others, Mr. Houston has the

27   authority to, and does, make decisions that concern standard pay scales.

28        34.    Upon information and belief, in concert with others, Mr. Houston has the



1  authority to, and does, make decisions that concern defendants' human resources policies, the
2  resolution issues and disputes regarding policies and their applications, the counsel locations
3  receive regarding human resources issues, and communications with employees about human
4  resources issues and policies.

5       35.    Upon information and belief, in concert with others, Mr. Houston has the
6  authority to, and does, make decisions that concern defendants' employment and human
7  resources records, including the systems for keeping and maintaining those records.

8       36.    Upon information and belief, in concert with others, Mr. Houston has the
9  authority to, and does, make decisions that concern training and education functions across
10  SCI's network.

11       37.    Upon information and belief, in concert with others, Mr. Houston has the
12  authority to, and does, make decisions that concern the type and scope of training employees
13  must attend as well as any compensation they receive for attending training.

14       38.    Upon information and belief, in concert with others, Mr. Houston has the
15  authority to, and does, make decisions that concern payroll and commission functions across
16  SCI's network.

17       39.    Upon information and belief, in concert with others, Mr. Houston has the
18  authority to, and does, make decisions that concern the system for keeping and maintaining
19  employees' payroll records, the timing and method with which payment is conveyed to
20  employees, and the manner and method in which employees receive payroll information
21  including their payroll checks.

22       40.    Upon information and belief, in concert with others, Mr. Houston has the
23  authority to, and does, make decisions that concern benefit plans across SCI's network.

24       41.    Upon information and belief, in concert with others, Mr. Houston has the
25  authority to, and does, make decisions that concern the type and scope of benefits available to
26  employees, the method and manner in which information regarding those plans is conveyed to
27  employees, and the system for keeping and maintaining records related to employees' benefits.

28       42.    Because Mr. Houston has authority to hire or fire employees, provide and direct



1  support regarding human resources issues, including the hiring and firing of Class Members,
2  and control the drafting and enforcement of the policies which govern the hiring and firing of
3  employees, Mr. Houston has the power to hire and fire employees.

4      43.    Because Mr. Houston has authority to establish work schedules and/or conditions
5  of employment, provide and direct support regarding human resources issues, including work
6  schedules and/or conditions of employment, control the drafting and enforcement of the
7  policies which govern employees' schedules and/or conditions of employment, establish the
8  type and scope of training employees receive, and administer employees' benefit programs,
9  including standard benefit levels and the type and scope of benefits available to employees,
10  Mr. Houston supervises and controls employees' work schedules and/or conditions of
11  employment.

12      44.    Because Mr. Houston has authority to establish employees' rate and method of
13  payment and centrally control payroll functions, including standard pay scales, the provision of
14  payroll information, and the timing of payment, Mr. Houston determines the rate and method
15  of employees' payment.

16      45.    Because Mr. Houston has authority with respect to defendants' centralized
17  records, including a database regarding employees' employment records, and systems for
18  keeping and maintaining payroll, benefits, and other employment-related records, Mr. Houston
19  maintains employees' employment records.

20      46.    Because Mr. Houston provides day-to-day support regarding human resources
21  issues, including employees' work schedules and/or conditions of employment, controls the
22  drafting and enforcement of the policies which govern employees' schedules and/or conditions
23  of employment, and administers employees' benefit programs, he is affirmatively, directly, and
24  actively involved in operations of the defendants' business functions, particularly in regards to
25  the employment of Class Members.

26      47.    Because Mr. Houston is actively involved in the creation of the illegal policies
27  complained of in this case, actively advises defendants' agents on the enforcement of the
28  illegal policies complained of in this case and actively ensures defendants' compliance or non-

1 compliance with the state and common laws asserted in this action, he actively participates in
2 the violations complained of in this action.

3 48. Based upon the foregoing, Mr. Houston is liable to Class Members because of
4 his active role in operating the business, his status as an employer, or according to state
5 statutory and common law.

6 *The SCI Defendants Are Liable to Class Members as Successors-in-Interest*

7 49. In or about November, 2006, SCI acquired Alderwoods and Alderwoods became
8 SCI's wholly-owned subsidiary. After the merger, the SCI Defendants continued to operate
9 the vast majority of both their own funeral homes and those of Alderwoods.

10 50. Upon information and belief, Coronado Acquisition Group ("Coronado"), at
11 relevant times hereto, was a wholly owned subsidiary of SCI, which was formed by SCI for the
12 sole purpose of merging with Alderwoods. At relevant times hereto, SCI and Coronado had
13 the same offices, telephone numbers, and corporate officers.

14 51. Upon information and belief, Alderwoods, through its shareholders, has adopted
15 a merger agreement by and between Alderwoods, Coronado and/or one or more of the SCI
16 Defendants.

17 52. Upon information and belief, SCI, through its shareholders, has adopted a merger
18 agreement between Alderwoods, Coronado and/or one or more of the SCI Defendants.

19 53. Upon information and belief, as of approximately November 2006, Alderwoods
20 and/or Coronado ("Merged Entities") became a wholly owned subsidiary of SCI.

21 54. Upon information and belief, the Merged Entities, under the merger agreement,
22 continue business operations in substantially the same form as before the merger.

23 55. Upon information and belief, the Merged Entities, under the merger agreement,
24 continue to use substantially the same workforce as before the merger, with substantially the
25 same supervisors and same working conditions as Alderwoods.

26 56. Upon information and belief, the Merged Entities, under the merger agreement,
27 provide essentially the same services as before the merger and use the same facilities,
28 equipment and method of providing services as Alderwoods.

-8-

1    57.    Upon information and belief, the SCI Defendants are successors-in-interest to

2    Alderwoods' liability.  As a successors-in-interest, the SCI Defendants are jointly and severally

3    liable for all of the unlawful conduct of Alderwoods alleged herein.

4    **IV.    CLASS ACTION ALLEGATIONS**

5        58.    The claims arising under the state wage laws set forth below are properly

6    maintainable as a class action under Cal. Civ. Proc. § 382.

7        59.    Class Members are those employees and former employees of defendants who

8    were suffered or permitted to work by defendants and not paid their regular or statutorily

9    required rate of pay for all hours worked.

10      60.    The class size is believed to be several thousands of employees, a significant

11   percentage of whom are within California.

12      61.    Common questions of law and fact predominate in this action because the claims

13   of all Class Members are based on whether defendants' practice of not paying nonexempt

14   employees their regular or statutorily required rate of pay for all hours worked violates

15   California state law and the state laws of the various other states in which defendants do

16   business.

17      62.    Common questions of law and fact include, but are not limited to, the following:

18          a.  Whether Class Members are entitled to payment for all of the time they
19              worked for defendants.

20          b.  Whether Class Members are entitled to payment at overtime rates for all of
                the time they worked for defendants in excess of 40 hours per week and/or in
21              excess of 8 hours per day.

22          c.  Whether defendants' employment policies violated defendants' legal
                obligation to pay Class Members for all of the time they worked for
23              defendants.

24
            d.  Whether defendants' employment policies violated defendants' legal
25              obligation to pay Class Members at overtime rates for all of the time they
                worked for defendants in excess of 40 hours per week and/or in excess of 8
26              hours per day.

27

28

-9-

1    63.    The named plaintiffs' claims are typical of, and concurrent to, the claims of Class
2    Members, because they are similarly situated. The named plaintiffs and all Class Members
3    were subjected to defendants' policies and practices of failing to compensate employees for
4    overtime work.

5    64.    The named plaintiffs will fairly and adequately represent and protect the interests
6    of Class Members. The class counsel, Rosen, Bien & Galvan, LLP, Dolin, Thomas &
7    Solomon LLP and Margolis Edelstein, are qualified and able to litigate Class Members'
8    claims. The class counsel are experienced in employment litigation, and their attorneys are
9    experienced in class action litigation, including class actions arising under federal and state
10   wage and hour laws.

11   65.    There are no known conflicts of interest between and among Class Members.

12   66.    A class action is superior to other available means for the fair and efficient
13   adjudication of this controversy. Individual joinder of all Class Members is not practicable,
14   and questions of law and fact common to the Class predominate over any questions affecting
15   only individual members of the Class. Each Class Member has been damaged and is entitled
16   to recovery by reason of defendants' illegal policy and/or practice of permitting, suffering,
17   and/or failing to pay employees their regular or statutorily required rate of pay for all hours
18   worked. Class action treatment will allow those similarly situated persons to litigate their
19   claims in the manner that is most efficient and economical for the parties and the judicial
20   system.

21   **V.    FACTUAL BACKGROUND**

22   67.    Class Members are those employees and former employees of defendants who
23   were suffered or permitted to work by defendants and not paid their regular or statutorily
24   required rate of pay for all hours worked.

25   68.    Defendants' policy and/or practice was to not compensate Class Members their
26   regular or statutorily required rate of pay for work defendants suffered or permitted Class
27   Members to perform.

28

-10-
AMENDED COMPLAINT-CLASS ACTION
Helm et al v. Alderwoods et al - Case RG 07359602



69.    Defendants knew Class Members were supposed to receive such wages, however, defendants willfully failed to pay for all hours when Class Members worked.

70.    Defendants' practice is to be deliberately indifferent to violations of the statutory overtime requirements.

71.    The failure to pay overtime is willful.

72.    Examples of defendants' policies and practices to deprive Class Members of their earned wages and wage premiums are set forth below:

a.    Defendants implemented a "Community Work Policy." Under the policy, defendants suffered or permitted their employees to perform "Community Work" so as to increase revenues for defendants. Defendants did not compensate the employees for such time spent in Community Work in furtherance of the employer's business under the "Community Work Policy."

b.    Defendants implemented an "On Call Pay Policy." Under the policy, employees were suffered or permitted to perform work by handling calls and other work related issues after normal business hours, but defendants would not compensate employees for all work performed.

c.    Defendants' implemented a "Training Compensation Policy." Under the policy, defendants suffered or permitted their employees to take various types of training. Defendants did not pay for such training, despite suffering or permitting employees to perform such work.

d.    Defendants implemented a "Pre-Needs Appointment Policy." Defendants suffered or permitted employees to meet with clients to discuss pre-need purchases. To the degree that such appointments were not considered part of the employees' schedule, the employees were suffered or permitted to continue the appointments, but were not paid for such time worked under the "Pre-Needs Appointment Policy." Defendants' management would sometimes attempt to justify this policy on the grounds that the employee would likely receive a commission if the client purchased a pre-needs product.

e.    Defendants implemented a "Meal Break Deduction Policy." Under the policy, defendants did not pay for meal breaks. Defendants did, however, suffer and permit employees to perform work during such meal breaks, but pursuant to defendants' "Meal Break Deduction Policy," time spent on meal "breaks" was still deducted from the employee's pay even when defendants suffered or permitted work to be performed during such "breaks."

f.    Defendants implemented a "Pre-Approval for Overtime Pay Policy." Under

-11-



this policy, defendants only permitted payments for overtime if the overtime was pre-approved. Defendants suffered or permitted employees to work overtime and therefore, employees were entitled to overtime payments. However, defendants refused to make the legally required payments because the time was not "pre-approved" as required under the "Pre-Approval for Overtime Pay Policy."

g. Defendants implemented an "Unrecorded Work Time Policy." Under this policy, defendants suffered or permitted employees to perform work, but directed that such work not be recorded. Defendants then refused to pay for the time worked under the "Unrecorded Work Time Policy" because, even though defendants knew such time had been worked, it had not been "recorded."

h. Defendants' policy was to not include all remuneration (such as bonuses and commissions) in the calculation of Class Members' overtime.

73. Defendants also failed to make, keep and preserve adequate and accurate records of the employment of Class Members concerning their wages, hours and other conditions of employment.

74. More specifically, the records kept by defendants failed to adequately and accurately disclose among other things, hours worked each work day, the total hours worked each work week and/or the total overtime compensation for each work week.

75. Defendants failed to pay full compensation to Class Members who are no longer employed by defendants promptly after those Class Members were discharged, laid off or resigned. In fact, defendants' failure to fully compensate those Class Members is continuing.

## FIRST CAUSE OF ACTION

**VIOLATION OF CALIFORNIA LABOR LAWS (by all plaintiffs against all defendants)**

76. The preceding paragraphs are incorporated as if fully set forth herein.

**Failure to Pay Overtime Compensation**

77. Defendants willfully violated their obligations under California law, including those under California Labor Code §1194, *et seq.*, by failing to pay Class Members the legal overtime compensation applicable to Class Members.

-12-

 

1    78.    As a direct and proximate cause of defendants' actions, Class Members have
2    suffered damages.

3    **Failure to Immediately Pay Wages Upon Discharge/Layoff/Resignation**

4    79.    Defendants willfully violated their obligations under California law, including
5    those under California Labor Code § 201, *et seq.*, by willfully failing to pay Class Members
6    who have been discharged or laid off all wages earned and unpaid at the time of discharge or
7    layoff.

8    80.    Defendants willfully violated their obligations under California law, including
9    those under California Labor Code § 202, *et seq.*, by willfully failing to pay Class Members
10   who have resigned all wages earned and unpaid at the time of resignation, or within 72 hours
11   thereafter.

12   81.    Defendants did not pay Class Members who were discharged, were laid off or
13   resigned their regular or statutorily required rate of pay for all hours worked, as required by
14   California law.  Defendants' failure to pay those amounts is ongoing.

15   82.    As a direct and proximate cause of defendants' actions, Class Members have
16   suffered damages.

17   83.    Defendants are liable to Class Members for statutory penalties, pursuant to
18   California Labor Code § 203, in the amounts set forth therein.

19   **Failure to Provide Required Meal and Rest Periods**

20   84.    Defendants willfully violated their obligations under California law, including
21   those under California Labor Code §§ 226.7 and 512, *et seq.*, by willfully failing to provide
22   Class Members with legally required meal and rest periods.

23   85.    Defendants repeatedly and regularly interrupted Class Members' meal and rest
24   periods and/or required Class Members to forego their meal and rest periods.

25   86.    Defendants failed to compensate Class Members for missed meal and rest breaks.

26   87.    As a direct and proximate cause of defendants' actions, Class Members have
27   suffered damages.

28

-13-



1 | **Failure to Furnish Timely and Accurate Wage Statements**

2 |     88.     Defendants willfully violated their obligations under California law, including

3 | those under California Labor Code §§ 226(a) and 226.3, *et seq.*, by willfully failing to provide

4 | Class Members with timely and accurate wage statements as required by California law.

5 |     89.     As a direct and proximate cause of defendants' actions, Class Members have

6 | suffered damages.

7 |     90.     Wherefore, Class Members request relief as described below.

8 | **SECOND CAUSE OF ACTION**

9 | **STATE WAGE AND HOUR LAWS (by all plaintiffs against all defendants)**

10 |     91.     The preceding paragraphs are incorporated as if fully set forth herein.

11 |     92.     Defendants willfully violated their obligations to properly compensate Class

12 | Members under the wage laws of the states in which defendants do business including:

13 |     a.   Alaska Stat. § 23.10.050, *et seq.*;

14 |     b.   Arizona Rev. Stat. § 23-201, *et seq.*;

15 |     c.   Arkansas Code § 11-4-201, *et seq.*;

16 |     d.   Colorado Rev. Stat. § 8-6-101, *et seq.*; Colorado Code Regs. § 1103-1, *et*
17 |        *seq.*;

18 |     e.   Connecticut Gen. Stat. § 31-58, *et seq.*;

19 |     f.   820 Illinois Comp. Stat. 105/1, *et seq.*; 820 Illinois Comp. Stat. 105/12(a);
20 |       820 Illinois Comp. Stat. 115/1, *et seq.*;

21 |     g.   Indiana Code § 22-2-2-1, *et seq.*; Indiana Code § 22-2-2-4, *et seq.*; Indiana
22 |       Code § 22-2-5-1, *et seq.*; Indiana Code § 22-2-9-2, *et seq.*;

23 |     h.   Kansas Stat. § 44-1201, *et seq.*;

24 |     i.   Louisiana Rev. Stat. § 23:631, *et seq.*;

25 |     j.   Maryland Code, Lab. & Empl. § 3-401, *et seq.*;

26 |     k.   Massachusetts Gen. Laws Ch. 151, § 1, *et seq.*; Massachusetts Gen. Laws
27 |       Ch. 149, § 148, *et seq.*; Massachusetts Gen. Laws Ch. 149, § 100, *et seq.*;

28 |     l.   Michigan Comp. Laws § 408.381, *et seq.*;

-14-
AMENDED COMPLAINT-CLASS ACTION
*Helm et al v. Alderwoods et al - Case No. RG 07359602*
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 25 of 68




m. Minnesota Stat. § 177.21, *et seq.*; Minnesota Stat. § 181.13, *et seq.*;

n. Montana Code § 39-3-401, *et seq.*;

o. Nevada Rev. Stat. § 608.005, *et seq.*;

p. New Hampshire Rev. Stat. § 279:1 *et seq.*;

q. New Mexico Stat. § 50-4-1, *et seq.*;

r. New York Lab. Law § 160, *et seq.*;

s. North Carolina Gen. Stat. § 95-25.1, *et seq.*;

t. Ohio Rev. Code § 4111.01, *et seq.*;

u. Oregon Rev. Stat. § 653.005, *et seq.*;

v. 43 Pennsylvania Stat. § 333.101, *et seq.*; 43 Pennsylvania Stat. § 206.3, *et seq.*;

w. 29 Laws of Puerto Rico §250, *et seq.*;

x. Rhode Island Gen. Laws § 28-12-1, *et seq.*;

y. South Carolina Code § 41-10-10, *et seq.*;

z. Washington Rev. Code § 49.46.005, *et seq.*;

aa. West Virginia Code § 21-5C-1, *et seq.*;

93. As a direct and proximate cause of defendants' violations of these statutes, Class Members have suffered damages.

94. Wherefore, Class Members request relief as described below.

### THIRD CAUSE OF ACTION

**UNJUST ENRICHMENT/RESTITUTION (by all plaintiffs against all defendants)**

95. The preceding paragraphs are incorporated as if fully set forth herein.

96. Defendants have received financial gain at the expense of Class Members.

97. Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit at the expense of Class Members.

-15-



1      98.     Defendants' willful failure to pay overtime wages for work performed for

2 defendants has unjustly enriched defendants to the detriment of Class Members. As a result of

3 this conduct, the common laws and state laws of Alabama, Alaska, Arizona, Arkansas,

4 California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas,

5 Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska,

6 Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon,

7 Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia,

8 Washington, and West Virginia, imply a contract obligating defendants to make restitution to

9 Class Members, in the amount by which, in equity and good conscience, defendants have been

10 unjustly enriched.

11      99.     As a direct and proximate cause of defendants' actions, Class Members have

12 suffered damages.

13      100.    Wherefore, Class Members request relief as described below.

14                     **FOURTH CAUSE OF ACTION**

15          **CONVERSION (by all plaintiffs against all defendants)**

16      101.    The preceding paragraphs are incorporated as if fully set forth herein.

17      102.    At all relevant times, defendants had and continued to have a legal obligation to

18 pay Class Members all earnings and overtime due. The wages belong to Class Members as of

19 the time the labor and services were provided to defendants and, accordingly, the wages for

20 services performed are the property of the Class Members.

21      103.    In refusing to pay wages and overtime to Class Members, defendants knowingly,

22 unlawfully and intentionally took, appropriated and converted the wages and overtime earned

23 by Class Members for defendants' own use, purpose and benefit. At the time the conversion

24 took place, Class Members were entitled to immediate possession of the amount of wages and

25 overtime earned. As a result, Class Members have been denied the use and enjoyment of their

26 property and have been otherwise damaged in an amount to be proven at trial. This conversion

27 was willful, oppressive, malicious, and fraudulent and/or done with conscious disregard of the

28 rights of the Class Members. This conversion was concealed from Class Members.



104.  Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to Class Members.

105.  As a result of defendants' actions, Class Members were damaged and are entitled to all funds converted by defendants with interest thereon, all profits resulting from such conversion, and punitive or exemplary damages.

106.  Wherefore, Class Members request relief as described below.

### FIFTH CAUSE OF ACTION

### FRAUD AND DECEIT (by all plaintiffs against all defendants)

107.  The preceding paragraphs are incorporated as if fully set forth herein.

108.  Defendants, through their corporate publications and through statements of their agents, represented that wages would be paid legally and in accordance with defendants' obligations pursuant to applicable federal and state laws.  Some examples include defendants' false statements in their policy manuals that "[a]ll non-exempt employees will be compensated for all hours worked" and that defendants "will comply with all applicable federal, state and local laws.  If any of the provisions of this policy conflict with any federal, state or local laws or regulations, then the laws or regulations will supersede the Company's policy in those specific locations."

109.  Defendants, however, at all times intended to violate applicable federal and state laws by failing to pay Class Members their regular or statutorily required rate of pay for all hours worked.

110.  These misrepresentations were material to the terms of Class Members' employment contracts, and Class Members relied on the misrepresentations in agreeing to accept and continue employment with defendants. This reliance was reasonable, as Class

-17-
AMENDED COMPLAINT-CLASS ACTION
Helm et al v. Alderwoods et al - Case No. RG 07339602
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 28 of 68



1  Members had every right to believe that defendants would abide by their obligations pursuant
2  to applicable federal and state law.

3      111.   Defendants willfully violated their obligations by committing fraud against Class
4  Members under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas,
5  California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas,
6  Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska,
7  Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon,
8  Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia,
9  Washington, and West Virginia and are liable to Class Members.

10     112.   As a direct and proximate cause of the fraud committed by defendants, Class
11  Members did not receive the statutorily mandated wages for overtime and suffered damages.

12     113.   Defendants acted maliciously when they committed the wrongful acts which
13  constitute this cause of action such that it warrants the imposition of punitive and exemplary
14  damages.

15     114.   Wherefore, Class Members request relief as described below.

16                            **SIXTH CAUSE OF ACTION**

17       **MISREPRESENTATION (by all plaintiffs against all defendants)**

18     115.   The preceding paragraphs are incorporated as if fully set forth herein.

19     116.   In particular, Class Members incorporate and refer to paragraphs 107 through
20  109 above, regarding the material misrepresentations made by defendants.

21     117.   When defendants hired Class Members, they represented to Class Members that
22  they would be fully compensated for all services performed, as more fully set forth above.

23     118.   There was no reasonable basis for defendants to believe these representations
24  because defendants had a continuing practice and policy of failing to pay their employees their
25  regular or statutorily required rate of pay for all hours worked.

26     119.   Class Members relied upon defendants' representations by performing work and
27  services for defendants. This reliance was reasonable, as Class Members had every right to

28



-18-



1 believe that defendants would abide by their obligations pursuant to applicable federal and
2 state law.

3    120.    Defendants willfully violated their obligations under the common laws and the
4 state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,
5 Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts,
6 Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New
7 Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico,
8 Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia by
9 misrepresenting to Class Members that they would be fully compensated for all services
10 performed and are liable to Class Members.

11    121.    As a result of their reliance upon defendants' misrepresentations, Class Members
12 suffered damages because they were not appropriately compensated with the regular or
13 statutorily required rate of pay for all hours worked.

14    122:    As a direct and proximate result of defendants' negligent misrepresentation,
15 Class Members suffered damages.

16    123.    Wherefore, Class Members request relief as described below.

17                          **SEVENTH CAUSE OF ACTION**

18         **BREACH OF CONTRACT (by all plaintiffs against all defendants)**

19    124.    The preceding paragraphs are incorporated as if fully set forth herein.

20    125.    By entering into an employment relationship, defendants and each Class Member
21 entered into a contract for employment.

22    126.    Each such contract included an implied or express term that defendants agreed to
23 fulfill all of their obligations pursuant to applicable state and federal law.

24    127.    Defendants willfully breached the implied contract term by failing to pay Class
25 Members for all of the time Class Members worked and by failing to pay Class Members their
26 regular or statutorily required rate of pay for all hours worked.

27    128.    Defendants willfully violated their obligations under the common laws and the
28 state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida,

-19-



Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to Class Members.

129. As a direct and proximate cause of defendants' breach of their contracts with Class Members, Class Members have suffered damages.

130. Wherefore, Class Members request relief as described below.

## EIGHTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (by all plaintiffs against all defendants)

131. The preceding paragraphs are incorporated as if fully set forth herein.

132. The unwritten contract for at-will employment between Class Members and defendants contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the employment contract fairly and in good faith and to refrain from doing any act that would violate any state or federal law governing the employment relationship or any act that would deprive Class Members of the benefits of the contract.

133. Defendants breached the implied covenant of good faith and fair dealing by failing to pay Class Members the wages and overtime that was due to Class Members.

134. Defendants willfully violated their obligations under the common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia and are liable to Class Members.

-20-

AMENDED COMPLAINT-CLASS ACTION
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 31 of 68
*Helm et al v. Alderwoods et al* - Case No. RG 07359602



1    135.   As a direct and proximate cause of defendants' breach of the implied covenant of
2 good faith and fair dealing, Class Members have suffered damages.

3    136.   Wherefore, Class Members request relief as described below.

4                              **NINTH CAUSE OF ACTION**

5              **QUANTUM MERUIT (by all plaintiffs against all defendants)**

6    137.   The preceding paragraphs are incorporated as if fully set forth herein.

7    138.   Defendants willfully violated their obligations by failing to pay Class Members
8 for the reasonable value of the services performed by Class Members for defendants under the
9 common laws and the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado,
10 Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland,
11 Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New
12 Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania,
13 Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, and West
14 Virginia are liable to Class Members under quantum meruit.

15    139.   As a direct and proximate cause of defendants' failure to pay Class Members for
16 the reasonable value of services performed by Class Members for defendants, Class Members
17 suffered damages.

18    140.   Wherefore, Class Members request relief as described below.

19                              **TENTH CAUSE OF ACTION**

20         **UNLAWFUL BUSINESS PRACTICES (by all plaintiffs against all defendants)**

21    141.   The preceding paragraphs are incorporated as if fully set forth herein.

22    142.   Defendants' failure to pay Class Members for all time worked constitutes unfair
23 competition and unlawful, unfair, and fraudulent business acts and practices in violation of
24 California Business and Professional Code § 17200, *et seq.*

25    143.   The conduct of defendants in failing to pay Class Members for all time worked
26 constitutes and was intended to constitute unfair competition and unlawful unfair and
27 fraudulent business acts and practices within the meaning of California Business and
28 Professional Code § 17200, *et seq.*

-21-
AMENDED COMPLAINT-CLASS ACTION
*Helm et al v. Alderwoods et al - Case No. RG 07359086*
Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 32 of 68




1  144.   As a result of defendants' violations of California Business and Professional
2  Code § 17200, *et seq.*, defendants have unjustly enriched themselves at the expense of Class
3  Members.

4  145.   To prevent their unjust enrichment, defendants should be required, pursuant to
5  California Business and Professional Code §§ 17203 and 17204, to disgorge their illegal gains
6  for purpose of making full restitution to all injured Class Members. Defendants should also be
7  permanently enjoined from continuing their violations of California Business and Professional
8  Code § 17200, *et seq*.

9  146.   Defendants willfully violated their obligations under the California Unfair
10  Competition Law (Bus. & Prof. Code § 17200, et seq.) and are liable to Class Members.

11  147.   Wherefore, Class Members request relief as described below.

12                              **PRAYER FOR RELIEF**

13  **WHEREFORE,** Class Members demand judgment against defendants in their favor
14  and that they be given the following relief:

15  (a)   an order preliminarily and permanently restraining defendants from engaging in
16         the aforementioned pay violations;

17  (b)   an award of the value of Class Members' unpaid wages;

18  (c)   liquidated, compensatory, consequential and punitive damages;

19  (d)   an award of reasonable attorneys' fees, expenses, expert fees and costs incurred
20         in vindicating Class Members' rights;

21  (e)   an award of pre- and post-judgment interest; and

22  (f)   such other and further legal or equitable relief as this Court deems to be just and
23         appropriate.

/ / /
24
/ / /
25
/ / /
26
/ / /
27
/ / /
28




**JURY DEMAND**

Class Members demand a jury to hear and decide all issues of fact.

Respectfully Submitted,

ROSEN, BIEN & GALVAN, LLP

Date: January 25, 2008          By: _____

Sanford Jay Rosen, State Bar No. 62566
Maria V. Morris, State Bar No. 223903
Lori E. Rifkin, State Bar No. 244081
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

DOLIN, THOMAS & SOLOMON LLP
J. Nelson Thomas, NY Attorney No. 2579159
Patrick J. Solomon, NY Attorney No. 2716660
Michael J. Lingle, NY Attorney No. 3925765
Justin Cordello, NY Attorney No. 4131447
Annette Gifford, NY Attorney No. 4105870
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

MARGOLIS EDELSTEIN
Charles H. Saul, PA State Bar No.19938
Liberty J. Weyandt, PA State Bar No. 87654
Kyle T. McGee, PA State Bar No. 205661
525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
Telephone: (412) 281-4256
Attorneys for Plaintiffs

-23-

AMENDED COMPLAINT – CLASS ACTION
*Helm et al v. Alderwoods et al* - Case No. RG 07359602



**APPENDIX A**

Due to local rules requiring that the caption fit onto a single page, not all plaintiffs have been listed in the caption.

ROBERT CHERNETSKY, ROBERT JONES, HENRY KLEIN, STACEY WEINSTEIN, JEFFREY SACHS, JOHNNY COLEMAN, JOHN KEATH, CHAD WICKHAM, JAMES CROUCH, JOHNNY JOHNSON, RICKIE HAMILTON, SANDY THOMAS, ROGER HUGO, ROBERT SHAW, BETTY KNIGHT, STEPHANIE RIGGS, LARRY HAMMOCK, STEVEN TILLER, STROTHER FULCHER, MARY HOLDEN



# APPENDIX B

**Due to local rules requiring that the caption fit onto a single page, not all plaintiffs have been listed in the caption.**

Consent forms are attached in this Appendix for the following individuals:

ROBERT A. ACEVEZ, FREDERICK R. ALDRICH, MERLIN ALEXANDER, ELIAS ALVIDREZ, STEVEN A. ARNOLD, JAMES A. BAASCH, ROBERT BOWEN, MICHELE BREINDEL, LAWRENCE F. CAMP, WILLIAM CASTELLARIN, DEBBIE K. CHATMAN (BRANDT), COREY W. CLARY, KATHRYN COSPER, DIANE CRAIG, JEFFREY A. DIGGS, KATHRYN DILDY, LOUIE DOMINGUEZ, MARC A. DUMONT, JAMES C. DURDEN, STEPHEN ESCOBAR, JOHN R. FERGUSON, DARIN D. FORAN, ROBERT IDEMOTO, KENNETH GIACONE, ELIZABETH M. GRANT, JUDONA M. GREEN, WILLIAM O. GWYN, LINDA T. HAGERTY, DOUGLAS HAZEN, CARRIE HENDERSON, JAMES HENDERSON, BERNARD M. HIRREL, JAMES HOLDER, WILLIAM HUDSON III, JULIUS E. JOHNSON, WILTON KING, EDDIE KIRKPATRICK, W. SCOTT KOLWYCK, RONALD LANGLEY, FRANK LEWIS, CHARLES LOWTHER, SARAH MALMI, STEVEN L. MARTZ, EUGENIA C. MATTHEWS, NICK MCFERRAN, PAUL D. MEIZLER, HAROLD E. METCALF, MICHAEL NAPERALSKY, SEAN J. OBERSKI, RICHARD E. PETERSEN, J.D. POOL, MELISSA RAY, JACK L. REDDICK, DENNIS ROBERTSON, RICHARD E. SALHUS, JOHN SCHABLOSKI, DAVID SCHNELL, WARREN L. SEIZ, WILLIAM H. SHUFF, MYRA S. SLOAN, MONECIA SMITH, JODY P. SPIESE, MIKAL STAMPKE, FRANCIS STEINHOFF, GREGORY STUMP, TORREY SUMMERS, WILLIAM T. SUTTER III, JOSEPH G. TAFOYA JR., STEPHEN TAKESIAN, JERRY TAWNEY, TORI TAYLOR, PHILIP R. TILLMAN, FLORINDA D. TREJO, GAYLE WALKER, JAMES WHALEY, GEORGE T. WHITE, DAVID WYATT, JOHN S. ZALESKI

-25-

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Robert A. Acevez_     8·20·07       ROBERT A. ACEVEZ
Signature             Date         Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   8/6/07          FRODERICK R. ALDRICH
Signature                 Date            Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____  Date 8/6/07  Print Name  MERLIN ALEXANDER

H:\Alderwood Group\Consent to Opt In.doc



## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Elias Alvidrey_  8/23/07       ELIAS ALVIDREZ
Signature                 Date    Print Name




## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Steven A. Arnold_  8-20-07        STEVEN A. ARNOLD
Signature                Date       Print Name

H:\Alderwood Group\Consent to Opt In.doc



## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_James A. Baasch_
Signature                          Date

_JAMES A. BAASCH_
Print Name

H:\Alderwood Group\Consent to Opt In.doc

 

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _Bowen_ | 8/22/07 | ROBERT D. BOWEN |
| **Signature** | **Date** | **Print Name** |

Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 43 of 68




## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    3/6/07    MIchele BReindeC
**Signature**                      /**Date**    **Print Name**

Case 3:11-cv-00178-JWS   Document 1   Filed 02/27/08   Page 44 of 68




## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  8-6-07        _____
Signature                Date           Print Name     LAWRENCE FRED CAMP



## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  8-7-07     William Castellarin
Signature                  Date        Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Debbie Brandt_  _5-1-07_       _Debbie (Chartman) Brandt_
**Signature**           **Date**    **Print Name**

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Corey W. Clary 8/3/07    Corey W. Clary
Signature            Date       Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _Cathryn L. Cosper_ | _August 14, 2007_ | _Kathryn L. Cosper_ |
| **Signature** | **Date** | **Print Name** |

http://www.alderwoodsclassaction.com/consentform_v2.doc



## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Aldcrwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Diane Craig                8/17/07          Diane Craig
Signature                      Date          Print Name

H:\Aldenwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    8-21-07    Jeffrey Allen Olgas
Signature                    Date        Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Kathryn E Dildy_          _8/14/07_          _Kathryn E Dildy_
Signature                        Date                Print Name




## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Aldenwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature _____ 8-10-07
Date

Print Name _____ Louie Dominguez

H:\Aldenwood Group\Consent to Opt In.doc

 

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _Maria A. Dumont_ | _8-23-07_ | _MARE A. DUMONT_ |
| Signature | Date | Print Name |

H:\Alderwood Group\Consent to Opt In.doc




## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____ 8/6/07   JAMES C. DURDEN
Signature                 Date    Print Name

H:\Alderwood Group\Consent to Opt In.doc



## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  8/15/07        Stephen Escobar
Signature              Date        Print Name

H:\Alderwood Group\Consent to Opt In.doc

 

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   08-22-07   JOHN  R  FERGUSON
Signature                          Date           Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Aldenwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  _____  _____
Signature                  Date       Print Name

H:\Aldenwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____ 8/21/07 ROBERT IDEMOTO
Signature                  Date    Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  7/12/07      _____
Signature                 Date         Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____
Signature                        Date
               8·6·07

ELIZABETH  M.  GRANT
Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _Judona Murno Green_ | _8/12/07_ | _Judona Maxine Green_ |
| Signature | Date | Print Name |

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Aldenwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____     _8-6-07_     _WilliAm O GWyN_
Signature                 Date         Print Name

H:\Aldenwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Linda L. Hagerty_     _7-13-07_     _Linda T. Hagerty_
Signature                 Date          Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

| | | |
|---|---|---|
| _____ | 8/15/07 | Douglas G.I. Hazen |
| Signature | Date | Print Name |

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employers, on behalf of myself and other former and current employees of the employers, if I am, or was employed by either AlderWoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Jame Henderson_ 8/16/07    JAMES HENDERSON

_Carrie Henderson_    Carrie Henderson
Signature          Date    Print Name
8/16/07

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____ 05/25/2007 _____  BERNARD M. HIRREL _____
Signature                 Date              Print Name

H:\Alderwood Group\Consent to Opt In.doc

## CONSENT TO BECOME PARTY PLAINTIFF

I consent to become a "party plaintiff", named, or a representative plaintiff in any action or matter, seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s). I am, or was employed by either Alderwoods Group, Inc. or Service Corporation International.

I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_James E. Holder_          _8/15/07_          _James E. Holder_
Signature                  Date               Print Name

H:\Alderwood Group\Consent to Opt In.doc